Mr. Justice Scott delivered the opinion of the Court. This was an action- of debt against the makers and first endorser (.under the provisions of our statute, Digest, ch. 15, sec. 9, p.. 163) upon an ordinary promissory note, under seal, dated the 31st March, 1851, payable the 1st March, 1852. The declaration is in the usual form as against the makers, but as against the endorser, is as follows: And the said Elias Hooper, at the county aforesaid, on the 1st day of April, 1851, for value received, assigned the said writing to Moses Belcher: and had due notice of the non-payment thereof. And the said Moses Belcher, at the county aforesaid, on the 2d day of April, 1851, for value received, assigned the said writing to the said plaintiff: and of the non-payment thereof had due notice. All of which several assignments is also here now to the court shown. And the said several defendants thereby then and there became liable, the said Grace and Waters as partners, and the said William P, Grace individually, and the said Robert E. Waters individually, and the said Moses Belcher individually, to pay the said plaintiff the said sum of money in the said writing specified according to the tenor and effect thereof when afterwards requested. Yet said defendants, although often requested so to do, have not as yet paid,” &c., concluding in the ordinary form. A demurrer was interposed, specifying two grounds: 1st. That the declaration no where avers or pretends that any demand was made on the makers of said bond and notice of refusal to pay given to the endorser : 2d. That the declaration does not state any time or place when and where, notice was given to the endorser. The demurrer was overrúiÜd, and the defendants saying nothing further, final judgment was rendered against them for debt and damages, and the cause brought here by writ of error. It is well settled law, as heretofore ruled in this court, (Ruddell & McGuire vs. Walker, 2 Eng. 457; Jones vs. Robinson, 6 Eng. 509,) that to fix the liability of the endorser upon a bill or note, or other instrument in writing, assignable by law, demand of payment of the maker, refusal and notice to the endorser, all in due time or their legal equivalent, are indispensable. And this is because the contract of the endorser is strictly conditional. Pie undertakes to pay, if the maker does not, provided he is duly notified of the demand and refusal. These are conditions precedent to his liability, and there is an obligation upon the holder to make the demand and give the notice; and as the endorser is not liable unless these things have been performed, it devolves on the holder to prove that he performed the conditions precedent before he can compel the endorser to perform his contract. Ib., Jones vs. Robinson. Downs vs. Planter's Bank, 1 Sm. & Marsh. 276. And it is a rule of pleading equally well settled, that>£ if the declaration omits the averment of any fact which is of the gist of the action, the omission is fatal.” (Gould's Pl., ch. 4, sec. 11.) f£ The gist of the action is that without which there is no cause of action. It comprehends therefore whatever is indispensable in law to a right of recovery. Hence, if any thing of this kind be omitted, no title can appear from the declaration, and the defect is of course incurable. (Ib., sec. 12.) Whenever, therefore, the right of recovery depends upon a condition precedent, the declaration must aver performance of it, or its equivalent, to entitle the plaintiff to recover. For, in every such case, the performance of the condition, or what the law holds equivalent to it, is a constituent and indispensable part of the right of action, or that without which there can be no cause of action.” Ib., sec. 13. In this case, there is no averment, in any form, of a demand of payment of the makers and of their refusal to pay, and therefore as against the endorser no cause of action is shown. The cases cited by the counsel for the defendant, have little or no bearing upon any question in this cause. That cited from 1 Gilman 390, decided a question of evidence, and had no reference to any question of pleading. The declaration, however, is copied, and in it there appear the usual formal averments of demand and refusal to pay and of due notice. The cases from 4 Porter and 10 Ohio R. also decided questions of evidence, and had no reference to the pleading, and the reporters have not spread them out; and the question of pleading decided by the case cited from 1 Call Rep., is simply that it is not necessary in the averment of notice to the endorser to go further and aver that the holder presented to the endorser the protested bill. Let the judgment be reversed, and the cause be remanded, to be proceeded with. 1